UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STAVIE RIVARD-PEDIGO

v.                              Civ. No. 3:17CV00568 (WWE)

OKEMO LIMITED LIABILITY
COMPANY d/b/a OKEMO MOUNTAIN
RESORT

RULING ON MOTION TO COMPEL DISCOVERY COMPLIANCE

Plaintiff brings this action against Okemo Limited Liability Company d/b/a Okemo Mountain Resort ("Okemo"). She alleges that on February 20, 2017, the defendant's agent, servant, apparent agent and/or employee, Curtis Ficklin, was negligent and reckless when he collided with her while she was an invitee skiing at the defendant's ski facility, causing her injuries. Mr. Ficklin is not a party to this action.

Defendant denies that Curtis Ficklin was an on-duty employee of defendant and, as such, defendant denies any and all claims of vicarious liability, negligence, recklessness and/or other wrongdoing. Defendant further contends that plaintiff assumed the inherent dangers of skiing, 12 Vt. Stat. Ann. §1037, and that she was negligent in that she failed to: (1) be aware of her surroundings; (2) maintain control of her equipment; (3) ski in a reasonable and prudent manner; and (4) ski within the bounds of her ability. [Doc. #19 at 3].

1

STANDARD OF LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery. Under the Rule, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance involves a consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even when a request seeks relevant matter, the court can limit such discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). See During v. City Univ. of New York, No. 05 CIV. 6992(RCC), 2006 WL 2192843, at *4 (S.D.N.Y. Aug. 1, 2006) ("Even if the information sought is relevant, courts have the authority to forbid or to alter discovery that is unduly burdensome.").

DISCUSSION

Plaintiff seeks an order compelling Okemo to respond to plaintiff's request for Production No. 8, and produce a copy of Curtis Ficklin's employment file. Mr. Ficklin was provided with

notice pursuant to Vt. Stat. Ann. tit. 12, §1691a that plaintiff was seeking a copy of his employment file. [Doc. #27-4, Ex. D (appending a copy of the statute to the letter)).

Defendant first objects to the production of Ficklin's employment file on the basis of Conn. Gen. Stat. §31-128f(2) and Vt. Stat. Ann. tit. 12, §1691a. However, Conn. Gen. Stat. §31-128f permits disclosure pursuant to a lawfully issued judicial order which plaintiff is seeking through this motion. See Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, (D. Conn. 2005)(issuing an order of production upon a showing that the requested employee files were relevant). Under Vermont law, plaintiff's counsel provided notice on August 25, 2017, to Mr. Ficklin that his employment records were sought in this litigation. Under §1691a(f), he had "20 days after service of the notice to respond to the request" which would be "filed with the court" with a "copy of the response ... served on the requesting party." Vt. Stat. Ann. tit. 12, §1691a(f). Mr. Ficklin filed no objection with the Court. Defendant does not assert that the notice was defective or that Mr. Ficklin has asserted an objection to the production of his employment records. See Turner v. Vermont Ctr. for the Deaf & Hard of Hearing, Inc., Case no. 2:02-CV-251, 2003 U.S. Lexis 20552, at *16 (D. Vt. Oct. 1, 2003)("Turner's complaint was filed in this court, pursuant to the federal Rules of Civil Procedure, not in

3

Vermont state court pursuant to the Vermont Rules of Civil Procedure. The Magistrate's conclusion that Rule 26, and not the procedural requirements of §1691a, govern discovery of the personal files is not clearly erroneous, nor contrary to law.").

Defendant next argues that plaintiff's request is "overly broad and seeks information irrelevant to the subject matter of the litigation." [Doc. #30 at 5]. Plaintiff argues that "Mr. Ficklin's actions and relationship with the defendant both on the day of the collision at issue, and since the start of his employment" are highly relevant to her claims [Doc. #27 at 2]. She contends that Ficklin's employment file "is directly relevant to issues of agency/vicarious liability, his propensity to ski in a reckless manner, and the defendant's knowledge of same." Id. The Court agrees. As the objecting party, Okemo "bears the burden of showing why discovery should be denied." Kimbro v. I.C. System, Inc., No. 3:01CV1676 (DJS)(TPS), 2002 WL1816820, at *1 (D. Conn. July 22, 2002); Ruran, 226 F.R.D. at 169 (finding that the objecting party "bears the burden of demonstrating ... that the request is not relevant.")(emphasis in original). Defendant has not sustained its burden. The Court finds that the employment

+ file is relevant to plaintiff's claims.

4

CONCLUSION

For the reasons stated, plaintiff's Motion to Compel Discovery Compliance **[Doc. #27]** is **GRANTED**. Defendant will provide a copy of Curtis Ficklin's employee file, subject to a protective order, within ten (10) days.

This is not a recommended ruling. This is a nondispositive ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 4th day of December 2017.

                              /s/
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE