# **<u>EXHIBIT A</u>**

3:17-cv-00568-WWE

Rivard-Pedigo v. Okemo Limited Liability Company

**Plaintiff's Exhibit List**

| Ex No. | Description | ID(I)/FULL(F) | Objection | Response |
|---|---|---|---|---|
| 1 | Okemo Trail Map | F | | |
| 2 | 2015-2016 Season Pass Agreement | I | | |
| 3 | 2016-2017 Season Pass Agreement | I | | |
| 4 | 2017-2018 Season Pass Agreement | I | | |
| 5 | 2018-2019 Season Pass Agreement | I | | |
| 6 | Still from video taken at Okemo 2/20/17 by Clay Pedigo | I | | |
| 7 | Curtis Ficklin Affidavit | I | | |
| 8 | 2017/18 Classic Season Pass Benefits and Prices (Okemo website) | I | | |
| 9 | Ludlow Health Center Records | F | | |
| 10 | Radiology Film taken at Ludlow Health Center 2/20/17 | F | | |
| 11 | Ludlow Health Center Bills | F | | |
| 12* | Dr. Baumgaertner's Records | F | | |
| 13 | Dr. Michael Baumgaertner's Bills | F | | |
| 14* | Yale-New Haven Hospital Admission 2/24/17-2/27/17 Records | F | | |
| 15 | Yale-New Haven Radiology Films | F | | |
| 16 | Yale-New Haven Hospital and Clinic Medical Bills | F | | |
| 17* | Yale New Haven Hospital Clinic Records | F | | |
| 18* | Dr. Gregory Vornovitsky Medical Records | F | | |
| 19 | Dr. Gregory Vornovitsky Medical Bills | F | | |
| 20 | Dr. Laurie Cretella Medical Records | F | | |
| 21 | Dr. Laurie Cretella Medical Bills | F | | |
| 22 | Amity Physical Therapy Records | F | | |

| 23 | Amity Physical Therapy Bills | F | | |
| 24 | Excerpts Bruce Schmidt 30b6 Deposition | I | | |
| 25 | Photo Stacie Rivard Pedigo leg post surgery | I | | |
| 26 | Photo Stacie Rivard Pedigo knee post surgery | I | | |
| 27 | Medical illustration | I | | |
| 28 | Medical illustration | I | | |

**\*Defendant objects to one statement that appears on pgs 1 and 10 of Exhibit 12, pg35 of Exhibit 14, pgs 4, 5, 15, 17 of Exhibit 17 and pg 1 of Exhibit 18, and will take it up with the Court at the appropriate time.**

3:17-cv-00568-WWE

Rivard-Pedigo v. Okemo Limited Liability Company

**Plaintiff's Witness List (Order of witnesses to be determined.)**

| WITNESS | Relationship to Case | Scheduling Issues |
|---|---|---|
| Stacie Rivard-Pedigo | Party | None |
| Clay Pedigo | Husband | None |
| Deiter Lindskog, MD | Fact Witness | Available 5/15/19 after 2 pm only |
| Carrie Swigart, MD | Fact Witness | Available 5/15/19 after 2 pm only |
| Michael Dillon | Fact Witness | None |
| Bruce Schmidt | Defendant's Fed. R. Civ. P. 30 b (6) designee | Via deposition designations |
| Curtis Ficklin | Fact witness, defendant's employee | Live testimony may be via video conference. |
| Michael Baumgaertner, MD | Treater | Video testimony by agreement as witness is unavailable for trial. |

1

3:17-cv-00568-WWE

Rivard-Pedigo v. Okemo Limited Liability Company

**Plaintiff's Deposition Designations and Cross Designations**

**Designations**

**Bruce Schmidt**

| Page | Lines |
|------|-------|
| 13 | 3-24 |
| 14-16 | all |
| 17 | 1-12 |
| 19 | 9-24 |
| 20 | 1-4 |
| 21 | 8-24 |
| 24 | 1-22 |
| 25 | 4-24 |
| 26 | 1-3 |
| 27 | 11-24 |
| 28 | 1-11 |
| 29 | 19-24 |
| 30 | 1-2 |
| 31 | 3-24 |
| 32 | all |
| 33 | 1-17, 21-24 |
| 34 | 1-13, 15-24 |
| 35 | 1-2, 4-12 |
| 36 | 13-24 |
| 37 | 1-13 |
| 41 | 15-24 |
| 42 | 1-6, 11-24 |
| 43 | 1-22 |
| 44 | 6-17 |
| 45 | 17-24 |
| 46 | 1-6 |
| 47 | 24 |
| 48 | 1-24 |
| 49 | 1-24 |
| 50 | 1-19 |
| 54 | 20-24 |
| 55 | 1-15 |
| 59 | 16-18 |
| 60 | 6-10 |

| 68 | 1-11 |
|----|------|
| 69 | 24 |
| 70 | 1-6 |

**Cross Designations**

**Curtis Ficklin**

In the event defendant submits deposition testimony of Curtis Ficklin in defendant's case, then plaintiff cross-designates the following testimony which may be submitted via video recording.

| Page | Lines |
|------|-------|
| 65 | 2-25 |
| 66 | 1 |
| 86 | 14-25 |
| 87 | 1-2, 11-18 |
| 96 | 5-25 |
| 97 | All |
| 98 | All |
| 99 | 1-4 |
| 100 | 16-25 |
| 101 | All |
| 102 | All |
| 103 | All |
| 104 | All |
| 105 | 1-9 |
| 111 | 3-5, 14-16 |
| 117 | 21-25 |
| 118 | 1 |
| 124 | 5-25 |
| 125 | 1-16 |
| 127 | 16-19 |
| 134 | 4-7, 14-25 |
| 135 | 1-7, 15-25 |
| 136 | 1-17 |
| 138 | 17-22 |
| 145 | 2-22 |

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STACIE RIVARD-PEDIGO | * | Case No.:  3:17-cv-00568(WWE) |
| Plaintiff, | * | |
| | | |
| v. | * | |
| | | |
| | * | |
| OKEMO LIMITED LIABILITY COMPANY | * | |
| D/B/A OKEMO MOUNTAIN RESORT | * | |
| Defendant. | * | April 17, 2019 |

## PLAINTIFF'S PROPOSED JURY VERDICT FORM

1. Did the plaintiff prove by a preponderance of the evidence that Curtis Ficklin, as Okemo's agent, and/or as Okemo's employee acting within the scope of his employment, was negligent, and that that this negligence was a proximate cause of any injuries, losses and damages sustained by the Plaintiff, Stacie Rivard-Pedigo?

   YES_____                              NO_____

2. Did the plaintiff prove by a preponderance of the evidence that Curtis Ficklin, as Okemo's agent, and/or as Okemo's employee acting within the scope of his employment, was reckless, and that that this recklessness was a proximate cause of any injuries, losses and damages sustained by the Plaintiff, Stacie Rivard-Pedigo?

   YES_____                              NO_____

3. We find the following are the fair, just and reasonable damages sustained by the plaintiff:

   **A. ECONOMIC DAMAGES:**          **PAST**    **$_____**
                                     **FUTURE**  **$_____**

   **B. NON-ECONOMIC DAMAGES**       **PAST**    **$_____**
   (Emotional distress; pain and     **FUTURE**  **$_____**
   suffering; and, damage to plaintiff's
   ability to carry on and enjoy life's

activities.)

**C. PUNITIVE DAMAGES**                              $_____

**D. TOTAL DAMAGES**                                 $_____


Please sign and date in ink.


_____ _____
Foreperson                    Date

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STACIE RIVARD-PEDIGO | \* | Case No.:  3:17-cv-00568(WWE) |
| Plaintiff, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| OKEMO LIMITED LIABILITY COMPANY | \* | |
| D/B/A OKEMO MOUNTAIN RESORT | \* | |
| Defendant. | \* | April 17, 2019 |

**PLAINTIFF'S REQUESTS TO CHARGE THE JURY**

Plaintiff requests, without prejudice to her right to supplement this request, that the court charge the jury as follows:

1. **AGENCY**

The plaintiff alleges that Okemo is liable because Curtis Ficklin was acting as an agent of Okemo when he was skiing on February 20, 2017.  Agency is a relationship in which one person, the agent, consents to act on behalf and subject to the right of control of another, the principal. Where the relationship exists, the principal, in this case Okemo, may be held liable for the negligence of its agent, in this case Curtis Ficklin.  Agency often takes the form of an employment relationship, but employment is not a requirement for the existence of an agency

1

relationship.  In other words, someone can be an agent of a principal and not be an employee of that principal as long as the three elements I will now explain are present.

To find that Curtis Ficklin was the agent of Okemo you must find that three things have occurred between Curtis Ficklin and Okemo:

First, Okemo must have in some way communicated its intention to Curtis Ficklin that he would act for Okemo in connection with its business;

Second, Curtis Ficklin must have agreed to act for Okemo in connection with its business;

Third, Okemo and Curtis Ficklin must have agreed or understood that Okemo had the right to control Curtis' actions on the mountain whether or not that right of control was actually exercised.

The agreement between Curtis Ficklin and Okemo may have been oral or written, express or implied and the law makes no distinction between oral or written, express and implied agreements in these circumstances.

If you find that Okemo had the general right to control the conduct of Curtis Ficklin you may find that the relationship of principal and agent exists, even though the right to control may not have been exercised. In other words, it is Okemo's right or power to control Curtis Ficklin that matters, not necessarily whether the right or power was actually exercised by Okemo.

FAXON LAW GROUP, LLC
59 ELM STREET · NEW HAVEN, CT 06510
TEL. (203) 624-9500 · FACSIMILE (203) 624-9100 · JURIS NO. 421593

FAXON LAW GROUP, LLC
59 ELM STREET · NEW HAVEN, CT 06510
TEL. (203) 624-9500 · FACSIMILE (203) 624-9100 · JURIS NO. 421593

Agents may be vested with considerable discretion and independence in how they perform their work for the principal's benefit, yet still be deemed subject to the principal's general right to control.  A person may be an agent although the principal does not have the right to control the full range of the agent's activities, how the agent uses time, or the agent's exercise of independent judgment.

Finally, the labels used by the parties in referring to their relationship are not determinative; rather, you must look to the operative terms of their agreement or understanding in reaching your decision regarding agency.

<u>Authority</u>

*Beckenstein v. Potter & Carrier, Inc.*, 191 Conn. 120 (1983)

*Gagliano v. Advanced Specialty Care, P.C.*, 329 Conn. 745 (2018)

Connecticut Pattern Jury Instructions 4.4-4

2. **<u>RESPONDEAT SUPERIOR</u>**

In addition to the doctrine of agency, you may also find that Okemo is liable because Curtis Ficklin was acting within the scope of his employment when he was skiing on February 20, 2017.  To find that Curtis Ficklin was acting within the scope of his employment with Okemo when skiing, you must find that while he was on the mountain, he in some way acted in furtherance of Okemo's business.  If he was acting, at least in part, to further Okemo's

3

business, even if he was engaged in a negligent, disobedient, or unfaithful conducting of

Okemo's business, Okemo is liable for his negligence. The focus is on the employee's conduct

rather than on the employer's knowledge or approval of the employee's acts. If the employee

acted with apparent authority in furtherance of employer business, the employer's consent or

ratification of the employee's misconduct is irrelevant, and the employer is liable. The fact that

the specific method an employee employs to further the employer's business is not authorized

by the employer does not relieve the employer from liability.

<div align="center">Authority</div>

*Glucksman v. Walters*, 38 Conn. App. 140, cert. denied, 235 Conn. 914 (1995).

**3. NEGLIGENCE**

For the defendant to be liable to the plaintiff, the plaintiff must show that Curtis Ficklin,

was negligent, that this negligence caused injury to the plaintiff, Stacie Rivard-Pedigo, and if

so, what amount of money will fully and fairly compensate the plaintiff.  I will now instruct you

on these elements.

The plaintiff claims that Curtis Ficklin was negligent while he was skiing on February 20,

2017 and that this negligence caused the crash with the plaintiff that is in issue in this case.

Negligence is a violation of the duty to use reasonable care under the circumstances.

Reasonable care is the care that a reasonably prudent person would use in the same

FAXON LAW GROUP, LLC
59 ELM STREET · NEW HAVEN, CT 06510
TEL. (203) 624-9500 · FACSIMILE (203) 624-9100 · JURIS NO. 421593

FAXON LAW GROUP, LLC
59 ELM STREET · NEW HAVEN, CT 06510
TEL. (203) 624-9500 · FACSIMILE (203) 624-9100 · JURIS NO. 421593

circumstances.  Every person has a duty to use reasonable care not to cause injury to those whom he reasonably could foresee to be injured by his negligent conduct.

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.  You must determine the question by placing an ordinary prudent person in the situation of Curtis Ficklin and ask yourselves: what would such a person have done?

The duty to use care exists when a reasonable person, knowing what Curtis Ficklin here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.

The standard of care required, that of an ordinarily prudent person under the circumstances never varies, but the degree of care may vary with those circumstances. For

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

example, in circumstances of slight risk or danger, a slight degree of care might be sufficient to constitute reasonable care, while in circumstances of greater risk or danger, a correspondingly greater amount of care would be required to constitute reasonable care.

The plaintiff has asserted the following allegations of negligence by Curtis Ficklin: that Curtis Ficklin was negligent in one or more of the following ways:

He failed to follow Okemo rules, regulations, policies and/or procedures concerning maintaining control while skiing;

He failed to follow the Okemo Skier and Rider Responsibility Code;

He failed to stay in control such that he was able to stop or avoid other people, including plaintiff;

He failed to give plaintiff the right of way;

He failed to observe all posted signs and warnings;

He skied in an unsafe manner;

He failed to slow down in a "SLOW" zone;

He failed to maintain control while skiing;

He failed to keep a proper lookout for other skiers including plaintiff while skiing on a designated Okemo trail; and,

He failed to brake to avoid the collision.

It is not necessary for the plaintiff to prove that Curtis Ficklin was negligent in all of the ways claimed. Proof that Curtis Ficklin was negligent in just one of the ways claimed is sufficient to prove negligence.

<div align="center">Authority</div>

Connecticut Judicial Branch Civil Jury Instructions Sections 3.6-3, 3.6-4, 3.6-7, and 3.6-10.

4. **RECKLESSNESS**

In Count Two, the plaintiff alleges that while Curtis Ficklin was acting as Okemo's agent and/or within the scope of his employment, he engaged in reckless conduct by skiing at a high rate of speed and uncontrolled manner in a slow ski zone when he knew or should have known that such action was highly dangerous and likely to cause a collision.  It is unnecessary to prove that the Mr. Ficklin actually intended to harm the plaintiff in order to establish that he acted recklessly. However, there is a wide difference between reckless behavior and mere negligence or even gross negligence. Thoughtlessness and inadvertence are not recklessness. Recklessness implies a conscious disregard of a high risk or egregious misconduct that involves an extreme departure from ordinary care and where danger is apparent. It connotes a willingness to take high risks, without regard to the consequences or the safety of others.

<div style="text-align:left; font-size:smaller; writing-mode:vertical">FAXON LAW GROUP, LLC<br>59 ELM STREET - NEW HAVEN, CT  06510<br>TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593</div>

<div align="center">7</div>

The state of mind amounting to recklessness may be inferred from conduct, but in order to infer it there must be something more than a failure to exercise a reasonable degree of watchfulness. To be reckless, the actor must recognize that his action or failure to act involves a risk to others substantially greater than that which is necessary to constitute negligence. It requires a conscious choice of a course of action either with knowledge that it will involve serious danger to others or with knowledge of facts which would disclose this danger to any reasonable person.

In order for the plaintiff to prevail on this count, the plaintiff must prove, by a preponderance of the evidence that:

1. The defendant engaged in the reckless conduct alleged; and

2. This reckless conduct proximately caused the injuries and damages claimed by the plaintiff.

<u>Authority</u>

Connecticut Pattern Jury Instructions 3.18-1

**5. <u>PROXIMATE CAUSE</u>**

If you find that Curtis Ficklin was negligent or reckless, or both, while acting as Okemo's agent and/or within the scope of his employment, you must decide if such negligence and/or recklessness was a proximate cause of any of the plaintiff's claimed injuries and losses. Negligence and/or recklessness is a proximate cause of an injury if it was a substantial factor

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

in bringing the injury about. In other words, if Curtis Ficklin's negligence and/or his recklessness contributed materially and not just in a trivial or inconsequential manner to the production of the plaintiff's injury, then his negligence and/or recklessness was a substantial factor.

If you find that Curtis Ficklin' negligence and/or his recklessness was a substantial factor in causing injury to the plaintiff, you should follow the rest of my instructions concerning damages.  Only if you find that neither Curtis Ficklin's negligence, nor his recklessness, was a was a substantial factor in bringing about the injuries suffered by the plaintiff, should you render a verdict in favor of the defendant.

<u>Authority</u>

Connecticut Judicial Branch Civil Jury Instructions Sections 3.1-1.

6. **COMPENSATORY DAMAGES**

The rule of damages is as follows. Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, which are proximately caused by the proven negligence and/or recklessness of the defendant's agent, or employee acting within the scope of his employment, Curtis Ficklin.  Plaintiff is entitled to compensatory damages if you find for the plaintiff on the count of negligent, of reckless, or on both counts.  Under this rule, the purpose of an award of damages is not to punish or penalize

the defendant, but to compensate the plaintiff for her resulting injuries and losses.  I will discuss punitive damages in a few minutes. You must attempt to put the plaintiff in the same position, as far as money can do it, that she would have been in had Curtis Ficklin not been negligent and/or reckless.

Our laws impose certain rules to govern the award of damages in any case where liability is proven. The plaintiff has the burden of proving her entitlement to recover damages by a fair preponderance of the evidence. To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which she seeks to recover damages and that the loss or injury in question was proximately caused by Curtis Ficklin's negligence and/or recklessness. You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. Your decision must be based on reasonable probabilities in light of the evidence presented at trial. Injuries and losses for which the plaintiff should be compensated include those she has suffered up to and including the present time and those she is reasonably likely to suffer in the future as a proximate result of Curtis Ficklin's negligence and/or recklessness.

Once the plaintiff has proved the nature and extent of her compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. There is often no mathematical formula in making this determination.

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

Instead, you must use human experience and apply sound common sense in determining the amount of your verdict.

In a personal injury action, there are two general types of compensatory damages with which you must be concerned: economic and noneconomic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the future, as a result of Curtis Ficklin's negligence and/or recklessness. They are awarded for such things as the cost of reasonable and necessary medical care and lost earnings.

Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of Curtis Ficklin's negligence and/or recklessness. They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss or diminution of the ability to enjoy life's pleasures.

I will now instruct you more particularly on economic damages. In this case, the plaintiff seeks to recover economic damages for each of the following types of monetary losses or expenses: Past and future medical care and expenses.

As for past medical care and expenses, the plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the past treatment of injuries sustained as a

result of Curtis Ficklin's negligence and/or recklessness.  The plaintiff must prove that the past expenses she claims were reasonably necessary and proximately caused by Curtis Ficklin's negligence and/or recklessness.

Damages for the future consequences of an injury can never be forecast with certainty. You may calculate future medical expenses based upon the history of medical expenses that have accrued as of the trial date when there is also evidence to a degree of medical certainty that future medical expenses will be necessary.

Let me now turn to noneconomic damages. In this case, the plaintiff seeks to recover noneconomic damages for each of the following types of non-monetary losses or injuries: emotional distress; pain and suffering; and, damage to her ability to carry on and enjoy life's activities.

A plaintiff who is injured by the negligence and/or recklessness of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that she proves by a fair preponderance of the evidence to have been proximately caused by the negligence and/or recklessness of Curtis Ficklin. As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just, and reasonable sum. You simply

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT  06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

have to use your own good judgment in awarding damages in this category. You should consider the nature and duration of any pain and suffering that you find.

A plaintiff who is injured by the negligence and/or recklessness of another is entitled to be compensated for mental suffering caused by the defendant's negligence for the results which proximately flow from it in the same manner as she is for physical suffering.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which she enjoys.

If you find that it is reasonably probable that she has suffered permanent physical harm, loss of function or disfigurement, the plaintiff is entitled to be compensated for that category of injury. Your award should be in accordance with the nature and extent of such physical impairment, loss of function or disfigurement and the length of time she is reasonably expected to endure its negative consequences.

The parties have stipulated that plaintiff has a life expectancy of 40 years based on actuarial tables.  With respect to awards for permanent injuries, you may measure the loss the plaintiff is likely to sustain from the future effects of an injury based on this life expectancy.

Authority

Connecticut Judicial Branch Civil Jury Instructions Sections 3.4-1.

*Marchetti v. Ramirez*, 240 Conn. 49, 688 A.2d 1325 (1997)

### 7. **PUNITIVE DAMAGES**

In addition to seeking compensatory damages, the plaintiff seeks an award of punitive damages on the count of recklessness. Punitive damages are damages awarded not to compensate the plaintiff for any injury or losses but to punish the defendant for malicious conduct and to deter the defendant and others like the defendant from similar conduct in the future. You may award punitive damages only if you unanimously find, from facts established by a preponderance of the evidence, that the conduct of the defendant's agent, or employee acting within the scope of employment, Mr. Ficklin, was, in fact, malicious.  This may be shown by conduct showing a reckless or wanton disregard of one's rights.

The law does not require you to award punitive damages. It is, instead, a matter for your sound discretion. There is no exact standard for fixing the amount of punitive damages. The amount awarded, if any, should be the amount you unanimously find necessary for achieving the objectives of punitive damages that I have described. You should consider the degree of reprehensibility of the misconduct and the actual or potential harm suffered by the plaintiff.

<u>Authority</u>

*Shortle v. Central Vermont Public Service Corp.*, 137 Vt. 32, 33 (1979)

FAXON LAW GROUP, LLC
59 ELM STREET · NEW HAVEN, CT 06510
TEL. (203) 624-9500 · FACSIMILE (203) 624-9100 · JURIS NO. 421593

14

THE PLAINTIFF,

BY:  Brittany S. Cates (CT27106)
    Brittany S. Cates (CT27106)
    Faxon Law Group, LLC
    59 Elm Street
    New Haven, Ct. 06510
    Tel. (203)624-9500
    Fax.  (203)624-9200
    bcates@Faxonlawgroup.Com

**FAXON LAW GROUP, LLC**
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

**<u>CERTIFICATION OF SERVICE</u>**

      I hereby certify that, on April 17, 2019, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                      By/<u>s/ Brittany S. Cates</u>
                             Brittany S. Cates

**FAXON LAW GROUP, LLC**
59 ELM STREET · NEW HAVEN, CT  06510
TEL. (203) 624-9500 · FACSIMILE (203) 624-9100 · JURIS NO. 421593