# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STACIE RIVARD-PEDIGO | \* | Case No.: 3:17-cv-00568(KAD) |
| Plaintiff, | \* | |
| v. | \* | |
| | \* | |
| OKEMO LIMITED LIABILITY COMPANY | \* | |
| D/B/A OKEMO MOUNTAIN RESORT | \* | |
| Defendant. | \* | May 15, 2019 |

## PLAINTIFF'S SUPPLEMENTAL REQUESTS TO CHARGE THE JURY

Plaintiff submits further Requests to Charge the jury as follows:[1]

**1. RESPONDEAT SUPERIOR/SCOPE OF EMPLOYMENT**

---

[1] The law of Vermont and Connecticut appears to be virtually identical on the issues of respondeat superior and agency, with both adopting the Restatement 2d and 3d of Agency, thus the plaintiff augments the Vermont charges with Connecticut law where there is a paucity of the former on a particular charge.  See, e.g., **Brueckner v. Norwich University, 730 A.2d 1086, 1091 (Vt. 1999) (citing Connecticut Authority Belanger v. Village Pub I, Inc., 26 Conn. App. 509 (1992)).**  Moreover, under choice of law principles, where there is a false conflict (meaning the law of the forum and the law of the foreign jurisdiction are the same) the forum law is applied.  **Phillips Petroleum v. Shutts, 472 U.S. 797, 816 (1985)** ("We must first determine whether [forum] law conflicts in any material way with any other law which could apply.  There can be no injury in applying [forum] law if it is not in conflict with that of any other jurisdiction connected to this suit.").

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

1

Okemo is responsible for injuries negligently inflicted by Curtis Ficklin acting within the scope of employment.  An employee acts within the scope of employment in two separate circumstances: 1. when performing work assigned by the employer or, 2. engaging in a course of conduct subject to the employer's control or right to control, whether or not exercised by the employer.  An employee is an agent whose employer controls or has the right to control the manner and means of the individual's work.  The fact that the work is performed gratuitously or for free does not relieve the employer of liability.

**Restatement 3d of Agency § 7.07 (Employee acting within the scope of employment).**

An act, although forbidden, or done in a forbidden manner, may be within the scope of employment.

**Restatement 2d of Agency § 230 (Forbidden Acts).**

An employee is within the scope of employment and the employer is responsible for the actions of the employee in circumstances that are beyond the scope of specific authorization of the employer.  In particular, an employee is authorized to do anything which is reasonably regarded as incidental to the work specifically directed or which is usually done in connection with such work.  The scope of employment includes not only

such acts but also other acts which, as between the employer and employee, the employee is expressly prohibited from doing.

Under the doctrine of respondeat superior, the acts of the employee are within the scope of employment, even where the employee fails to follow the employer's orders if the employee acts with the apparent authority in further of the employer's business. It makes no difference that the employer did not know of the improper act, or disapproved it, or even forbade it, provided the employee was acting at the time for the employer and within the scope of the business entrusted to him.

**Restatement 2d of Agency § 229, comment a (Kind of Conduct within scope of employment);** *Brueckner v. Norwich University*, **730 A.2d 1086, 1091 (Vt. 1999) (citing Connecticut Authority** *Belanger v. Village Pub I, Inc., 26 Conn. App. 509 (1992); Ploof v. Putnam*, **75 A. 277, 278 (Vt. 1910).**

An employer is liable for the actions of the employee, if he is significantly aided in accomplishing the injury by the existence of his employer/employee relationship, even if the actions of the employee occur outside the employment relationship.  Therefore, if you find that the power and authority bestowed by the employment relationship gave Mr. Ficklin a particular right or authority that is not exercised or available to the general

3

public, you can find Okemo liable for Ficklin's actions even if they are outside the strict scope of employment.

**Restatement 2d of Agency § 219;** *Jenkins v. Miller*, **2017 U.S. Dist. LEXIS 160793, at \*73 (D.Vt. Sept. 29, 2017).**

2. **AGENCY**

If you find that Okemo had the general right to control the actions of Curtis Ficklin you may find that the relationship of principal and agent exists, even though the right to control may not have been exercised. In other words, it is Okemo's right or power to control Curtis Ficklin that matters, not necessarily whether the right or power was actually exercised by Okemo. Agents may be vested with considerable discretion and independence in how they perform work for the principal's benefit, yet still be deemed subject to the principal's general right to control.

Further, the labels used by the parties in referring to their relationship are not determinative; rather, you must look to their agreement or understanding in reaching your decision regarding agency.  The existence of an agency relationship may be demonstrated from the circumstances of the particular situation, or the conduct of the parties.  Formality is not essential to the creation of the relationship, which can arise by verbal agreement or be implied from the circumstances, and can arise from a single transaction.

Finally, it is not required that Curtis Ficklin be working "on duty" as a lift operator when the collision occurred if you find that the elements of agency are met.

***Estate of Kuhling v. Glaze,*** 2018 VT 75 (2018); ***Kimco Leasing Co. v. Lake Hortonia Properties,*** 161 Vt. 425 (1993); ***Bills v. Wardsboro Sch. Dist.***, 150 Vt. 541 (1988).

### 3. <u>LIMITING INSTRUCTION – RFID CARD</u>

The defendant offered into evidence the RFID card that contained the ticket the plaintiff purchased. The language on that card cannot be used to determine the issue of obvious and necessary inherent risk which is to be decided solely on the instruction I give you on the law related to that subject. In particular, if you find Curtis Ficklin skied negligently, as I discuss below, you cannot find that the collision was an obvious and necessary inherent risk of the sport.

### 4. <u>12 V.S.A. § 1037</u>

While the plaintiff disagrees and objects to this issue even being charged to the jury under the circumstances of this case involving a crash between a high speed skier and a nearly stationary skier in a slow zone, the plaintiff offers the following request to charge without waiving the previous objection. The formulation of the law in the ***Taylor v. Stratton*** case seems to coincide best with the controlling Second Circuit case of ***Gambardella*** that contains an approved charge. Additionally, based on subsequent controlling caselaw from

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

the Vermont Supreme Court in ***Dalury v. SKI Ltd.*, 670 A.2d 795, 800 (Vt. 1995)**, the following charge should be given directly from the text of that case:

A ski area's own negligence is neither an inherent risk nor an obvious and necessary one in the sport of skiing.  As a result, if you find that Curtis Ficklin skied negligently at the time of the collision with the plaintiff you cannot find that the collision was an obvious and necessary inherent risk of skiing.

                                       THE PLAINTIFF,

                               BY:  Brittany S. Cates (CT27106)
                                    Brittany S. Cates (CT27106)
                                    FAXON LAW GROUP, LLC
                                    59 ELM STREET
                                    NEW HAVEN, CT. 06510
                                    TEL. (203)624-9500
                                    FAX.  (203)624-9200
                                    JURIS NO. 421593
                                    bcates@faxonlawgroup.com

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593

**CERTIFICATION OF SERVICE**

I hereby certify that, on May 15, 2019 the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By/s/Brittany S. Cates
Brittany S. Cates

FAXON LAW GROUP, LLC
59 ELM STREET - NEW HAVEN, CT 06510
TEL. (203) 624-9500 - FACSIMILE (203) 624-9100 - JURIS NO. 421593