# Exhibit D

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 2 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 2 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 1 of 16

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 NOV -1  AM 11: 33

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| CLAUDIA MEJIA-HAFFNER and STEVEN R. HAFFNER,<br>Plaintiffs,<br><br>v.<br><br>KILLINGTON/PICO SKI RESORT PARTNERS, LLC,<br>Defendant. | Case No. 5:15-CV-175 |

## JURY CHARGE

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

My instructions come in two parts. The first part consists of general instructions about the task of the jury and about the rules and principles which should guide you in your deliberations. The second part consists of instructions which apply to the specific claims and defenses in this case. I ask that you pay equal attention to both parts.

### ROLE OF THE COURT

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

1

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 3 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 3 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 2 of 16

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law should be, it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You make decisions based upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. You are to perform the duty of finding the facts without bias towards any party.

In deciding the facts, no one may invade your function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor should you consider as evidence anything I may have said—or what I may say in these instructions—about a fact in issue.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven her case.

2

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 4 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 4 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 3 of 16

You should reach your judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and without regard to the consequences of your decision. If you let sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

### JURORS' EXPERIENCE OR SPECIALIZED KNOWLEDGE

Anything you have seen or heard outside the courtroom is not evidence and must be disregarded entirely. It would be a violation of your oath as jurors to consider anything outside the courtroom in your deliberations. But in your consideration of the evidence, you do not leave behind your common sense and life experiences. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in light of the evidence. However, if any juror has specialized knowledge, expertise, or information with regard to the facts and circumstances of this case, he or she may not rely upon it in deliberations or communicate it to other jurors.

### CORPORATION ACTS THROUGH ITS EMPLOYEES

Defendant Killington/Pico Ski Resort Partners, LLC whom I will refer to as "Killington" is a corporation. It acts through its employees. The action of any employee which occurs while that person is on duty and acting within the scope of his or her employment duties shall be considered the action of Killington

### ALL PERSONS EQUAL BEFORE THE LAW

The fact that Killington is a corporation and the plaintiffs are individuals must not enter into or affect your verdict. This case should be considered and decided by you as a dispute

3

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 5 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 5 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 4 of 16

between parties of equal standing in the community. All persons – both corporations and individuals – stand equal before the law and are to be treated as equals in a court of justice.

## EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits admitted into evidence, any stipulations submitted by the parties, and judicially noted facts. Testimony that has been stricken or excluded is not evidence and you may not consider it in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something she or he knows by virtue of her or his own senses—something she or he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit such as a document or photograph.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. You may infer on the basis of reason, experience, and common sense from one established fact, the existence or non-existence of some other fact. For example, if your friend enters your home with a wet umbrella, that would be circumstantial evidence that the weather was rainy.

Circumstantial evidence is of no less value than direct evidence; generally, the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on a preponderance of all the evidence presented.

## OBJECTIONS

From time to time the Court has been called upon to determine the admissibility of certain evidence following objections from the attorneys. It is part of the attorneys' duty to make objections, and you should not draw any conclusions or make any judgment from the fact that an

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 6 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 6 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 5 of 16

attorney has objected to evidence. In the same fashion, you should not concern yourself with the reason for any rulings on objections by the Court.

Whether offered evidence is admissible is purely a question of law for the Court and outside the province or concerns of the jury. In admitting evidence to which objections have been made, the Court does not determine what weight should be given to such evidence, nor does it assess the credibility of the evidence. Of course, you will dismiss from your mind completely and entirely any offered evidence which has been ruled out of the case by the Court, and you will refrain from speculation about the nature of any exchange between the Court and counsel held out of your hearing.

## CREDIBILITY OF WITNESSES

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You are being called upon to resolve various factual issues raised by the parties in the face of different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything each witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid or evasive? How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 7 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 7 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 6 of 16

and appearance while testifying? Often it is not what a person says but how he says it that indicates whether it is true.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness in light or his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

## IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight that you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 8 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 8 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 7 of 16

and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

This is a civil case and as such the plaintiffs have the burden of proving the allegations of the complaint by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and the persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, then you must decide that issue against the party having the burden of proof. That rule follows from the fact that the party bearing this burden most prove more than simple equality of evidence—he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proven by a preponderance of the evidence.

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 9 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 9 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 8 of 16

If after considering all of the testimony you are satisfied that the plaintiffs have carried their burden on each essential point as to which they have the burden of proof, then you must find for the plaintiffs on their claims. If after such consideration, you find the evidence to be in balance or equally probable—or if you find that the evidence tips in favor of the defendant—then the plaintiffs have failed to sustain their burden and you must find for the defendant.

In this case there are two exceptions to this rule that the plaintiffs bear the burden of proof. The defendant (Killington) has the burden of proof on two issues: its assertion that the Vermont Sports Injury statute bars this claim entirely and its claim that plaintiff Claudia Mejia-Haffner was herself negligent and that her negligence was a cause of her injury. In a few minutes, I will provide you with specific instructions concerning these aspects of the case.

## MS. MEJIA-HAFFNER'S CLAIM – NEGLIGENCE

Ms. Mejia-Haffner claims that Killington was negligent in two respects. She claims that Killington acting through its employee was negligent in instructing her to unbuckle her ski boots during her ski instruction. She also claims Killington was negligent in holding that portion of the ski lesson in an area of the mountain with heavy skier traffic and merging trails. In a moment, I will provide you with instructions concerning the elements of a claim of negligence. Before that, however, I need to discuss a threshold issue which concerns the application of the Vermont Sports Injury Statute.

## SPORTS INJURY STATUTE

Before considering the plaintiffs' claim of negligence, you must first decide whether a Vermont law known as the "Sports Injury statute" applies in this case. Under this law, a person who takes part in any sport, including alpine skiing, accepts as a matter of law the dangers that are inherent in that sport so long as the dangers are obvious and necessary. You must determine

8

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 10 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 10 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 9 of 16

whether Ms. Mejia-Haffner's injury was the result of dangers which are (1) inherent in the sport of skiing; (2) obvious to a reasonable person participating in the sport; and (3) necessary to the sport.

The parties agree that Ms. Mejia-Haffner fell because an unknown skier or snowboarder passed over the tails of her skis. They disagree about whether her injury was also caused by an instruction from her teacher to unbuckle her boots as well as the location of the ski class in an area traversed by other skiers and snowboarders. The plaintiffs attribute these additional causes to Killington. Killington denies that these factors caused injury to Ms. Mejia-Haffner.

The issue for you to determine under the Sports Injury statute is whether skiing with unbuckled boots at the direction of a ski instructor in an area shared with other skiers is a danger which is inherent, obvious and necessary to the sport of skiing. If you answer this question "yes", then you have decided that the Sports Injury statute bars further consideration of plaintiffs' claims and your verdict will be for the defendant. If you answer this question "no" with respect to one or both issues, then you should go on to consider the plaintiffs' claim of negligence.

## ELEMENTS OF NEGLIGENCE

In order to prove a claim of negligence, plaintiffs must prove the following elements:

1. A duty of care;
2. Breach or violation of that duty;
3. Damage or injury caused by the breach of duty.

I will discuss each element with you in the context of this case.

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 11 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 11 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 10 of 16

## DUTY OF CARE

As a ski area which provides ski instruction, Killington owes a duty to exercise reasonable care to provide the ski lesson participants safe and suitable conditions for their instruction and to avoid unnecessary and unreasonable exposure to injury. This duty of reasonable care includes a duty to ensure that the lesson is taught in a reasonably safe manner.

Reasonable care means the care that reasonably prudent people use in conducting their own affairs to avoid injury to themselves, their property, or the persons or property of others. Reasonable care is not the greatest possible care, such as might be employed by an unusually cautious person. Rather, a person must exercise the same amount of care a reasonable person would have exercised in the same or similar circumstances. Keep in mind that under Vermont law the duty of care increases proportionately with the foreseeable risks of the activities involved. As the risk of harm increases, the duty of care to prevent injury is correspondingly increased.

## BREACH OF DUTY

Next you must consider whether the plaintiffs have met their burden of proving a breach by Killington of its duty of care. You must determine whether Killington created an unreasonable risk of harm to others, including Ms. Mejia-Haffner, by failing to exercise that degree of care that a reasonably prudent person would have exercised under similar circumstances.

If you find that Killington did not breach the duty of care it owed Ms. Mejia-Haffner, then you must enter a verdict for Killington. If, however, you find that Ms. Mejia-Haffner has proven a breach of a duty of care by a preponderance of the evidence, you must next consider whether plaintiffs have proven that Killington's breach caused the injuries she suffered.

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 12 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 12 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 11 of 16

## PROXIMATE CAUSE

In order to find Killington liable for plaintiffs' injuries, you must conclude that Killington's negligence was a proximate cause of these injuries. A legal or proximate cause of an injury means that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury. An injury is proximately caused by an act or failure to act when it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury.

In order to prove proximate cause, Plaintiff must prove two elements. First, that "but for" Killington's failure to act with reasonable care, her injuries would not have occurred or, if injury had occurred, it would have been less severe. Second, that Killington's conduct was a "proximate cause" of the harm.

An act or failure to act is the "but for" cause of an injury if the injury would not have happened except for or "but for" the act or failure to act, even though the act or failure combined with other causes to produce the harm. Killington may be liable for causing harm even if there were other causes for Ms. Mejia-Haffner's injuries, but Killington is only liable if the incident would not have occurred in the absence of its fault.

An act or failure to act is the "proximate" cause of an injury if it was a substantial factor in causing injury. Bear in mind that an event may have several causes. Some of these causes are very direct and obvious. Others are more remote. Your job in determining whether proximate cause is present is to ask yourselves this question: did negligence on the part of Killington lead to Ms. Mejia-Haffner's injury in an understandable chain of cause and effect.

The plaintiffs have the burden of proof by a preponderance of the evidence of these elements of their claim of negligence.

11

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 13 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 13 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 12 of 16

## COMPARATIVE NEGLIGENCE

Killington denies that it acted negligently. It also asserts the defense of comparative negligence and claims that Ms. Mejia-Haffner caused her own injury through her own negligence. You should consider the defense of comparative negligence only if you have found in plaintiffs' favor on their negligence claim.

Killington has the burden of proof on this defense by a preponderance of the evidence. If it meets this burden of proof, a recovery by plaintiffs in this lawsuit may be defeated entirely or reduced in amount. In order to establish comparative negligence, Killington must prove by a preponderance of the evidence:

1. Ms. Mejia-Haffner was herself negligent by failing to act with reasonable care for her own safety and well-being at the time and place in question; and
2. Ms. Mejia-Haffner's negligence was a "but for" and a proximate cause of her injuries.

The same principles I outlined previously for Ms. Mejia-Haffner's claim apply to Killington's claim of comparative negligence. These may be summarized are as follows:

## DUTY OF CARE AND BREACH

In the same way that Killington had a duty to act with reasonable care in conducting the ski class, Ms. Mejia-Haffner had a duty to act with reasonable care for her own safety and well-being. She had a duty to ski in a reasonable and prudent manner in light of the conditions and circumstances that existed at the time. Her conduct must be measured against that of a reasonable skier skiing under similar conditions. In order to establish the defense of comparative negligence, Killington must prove by a preponderance of the evidence that Ms. Mejia-Haffner breached her duty of reasonable care.

Case 3:17-cv-00568-KAD Document 103-4 Filed 05/16/19 Page 14 of 17
Case 3:17-cv-00568-WWE Document 84-1 Filed 05/08/19 Page 14 of 55
Case 5:15-cv-00175-gwc Document 74 Filed 11/01/16 Page 13 of 16

## CAUSATION

In order to establish comparative negligence, Killington must also prove by a preponderance of the evidence that the alleged breach of duty by Ms. Mejia-Haffner was a cause of her injury. The same principles of causation which applied to the plaintiff's claim of negligence apply to the defense of comparative negligence. These are that an event may have multiple causes. Some may be very direct; others may be remote. In order to serve as a defense, negligence on the part of Ms. Mejia-Haffner must be a "but for" cause of the injury. It must also be a proximate cause which means that negligence on the part of Ms. Mejia-Haffner must be a substantial cause of any injury.

## COMPARISON OF NEGLIGENCE BY BOTH PARTIES

If you find that both Ms. Meija-Haffner and Killington acted negligently and that the negligence of both sides was a cause of the injury as I have defined that term for you, you will be asked to apportion their negligence in percentage terms.

If Ms. Meija-Haffner's negligence was equal to or less than the negligence of Killington, the court will reduce any damage award to Ms. Meija-Haffner by that percentage. If Ms. Meija-Haffner's negligence was greater than any negligence which you attribute to Killington, the plaintiffs will recover nothing on the claim of negligence.

## DAMAGES

If you decide in favor of Killington on the issue of the sports injury statute, the elements of negligence, or if you find that negligence by Ms. Meija-Haffner exceeds in percentage terms any negligence on the part of Killington, you should enter a verdict for the defendant on the verdict form and cease your deliberations. You will not consider these instructions about damages.

Case 3:17-cv-00568-KAD Document 103-4 Filed 05/16/19 Page 15 of 17
Case 3:17-cv-00568-WWE Document 84-1 Filed 05/08/19 Page 15 of 55
Case 5:15-cv-00175-gwc Document 74 Filed 11/01/16 Page 14 of 16

But, if you decide in favor of Ms. Meija-Haffner on these issues, you shall award the plaintiffs an amount of money that you believe will put them as nearly as possible in the position they would have occupied if their injury had not happened.

If you decide in favor of Killington on the issue of comparative negligence, the court will reduce the damage award proportionately in the manner I have already described.

The plaintiffs have the burden of proof by a preponderance of the evidence on each element of their claim for damages.

### ELEMENTS OF THE DAMAGE CLAIM

Ms. Meija-Haffner seeks compensation for:

Medical expenses;

Physical pain and suffering;

Loss of enjoyment of life, including loss of the ability to engage in recreational activities and day-to-day living; and

Past and present pain, suffering, and mental anguish, including the effect of the injury on the normal pursuits and pleasures of life.

If you decide in favor of the Plaintiff on the issues of liability due to negligence, you should award monetary compensation for these damages for any injury you find that she suffered in this matter. There is no particular formula to calculate this compensation.

Because plaintiff Steven Haffner was Ms. Meija-Haffner's husband at the time of her injury and continues to be her husband now, he is entitled to compensation for loss of his wife's companionship and consortium due to the injuries sustained by his wife. He can recover for these injuries only if you find that she is entitled to compensation. In computing this amount, if

14

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 16 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 16 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 15 of 16

any, you should consider the impact of the injury on all aspects of the Plaintiffs' marital relationship, including any loss of her services, comfort, society and attentions in the past. Plaintiffs also seek recovery and damages resulting from their being unable to complete Defendant's ski instruction program, including their lost program tuitions, hotel and transportation expenses and lost vacation time.

The plaintiffs have the burden of proof by a preponderance of the evidence on each element of their claim for damages.

Any damage award must be expressed in dollar terms.

### REMAINING DAMAGE ISSUES

This is the plaintiffs' only opportunity to recover damages from the defendant.

It is solely the province of the jury to decide the amount of any damage award. My instructions about the scope of damages permitted by law in a case of this nature is not intended to suggest to you whether an award is appropriate or its amount.

Any damages awarded will not be taxed by the IRS or by any state. You should not add or subtract from any award for the effect of income taxes.

You should not add any sum for interest for damages in this case. The court will make such award if appropriate. Similarly, you must not include in your award any sum for costs or attorney's fees. These are matters for the court.

You should not award damages for one item that duplicates an award for another item. In other words, a party is only entitled to one recovery for his or her damages.

You should make sure that any amount awarded the plaintiffs is fair, just and reasonable in light of the evidence you have heard. You should base your decision on the evidence, not on speculation or sympathy.

15

Case 3:17-cv-00568-KAD   Document 103-4   Filed 05/16/19   Page 17 of 17
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 17 of 55
Case 5:15-cv-00175-gwc   Document 74   Filed 11/01/16   Page 16 of 16

## FINAL INSTRUCTIONS

This completes my instructions to the jury. You will retire now to the jury room to deliberate in privacy about the issues in the case. I will provide a verdict form to guide you in your deliberations. You will also receive the exhibits which were admitted into evidence. I will also provide eight copies of these instructions.

I appoint Maureen Mayo as your foreperson. She shall be responsible for making sure that the deliberations occur in an orderly fashion and that every juror has an opportunity to participate.

Any verdict which you return must be unanimous. This means that you cannot answer a question on the verdict form unless and until all eight of you agree on the answer.

If you need to communicate with the Court, please do so in writing. I will confer with the lawyers about your question and send back a written response. Please advise the court officer after you reach a verdict but do not tell him or her or anyone else what the verdict is until you return to the courtroom at which time I will receive the verdict form from your foreperson.

Dated at Rutland, in the District of Vermont, this 1st day of November, 2016.

_____
Geoffrey W. Crawford, U.S. District Judge