# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

SARAH TAYLOR,                          :
                                       :
          Plaintiff,                   :
                                       :
     v.                                :     Case No. 2:09-cv-297
                                       :
THE STRATTON CORPORATION,              :
                                       :
                                       :
          Defendant.                   :

## JURY CHARGE

Members of the Jury:

Plaintiff in this case is Sarah Taylor, who is represented by Todd D. Schlossberg.  Defendant is the Stratton Corporation ("Stratton") represented by Andrew H. Maass.  The claims before you arise from a skiing accident that occurred on January 6, 2009 on the Sunriser Supertrail, a trail at the Stratton Mountain Ski Resort in Vermont.

### ROLE OF THE COURT, THE JURY AND COUNSEL

You have listened carefully to the testimony presented to you.  Now you must pass upon and decide the factual issues of this case.  You are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence, you determine the credibility of the witnesses, you resolve such conflicts as there may be in the evidence, and you draw such inferences as may be warranted by the facts as you find them.  I shall shortly define

1

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 3 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 19 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 2 of 21

the word "evidence" and instruct you on how to assess it, including how to judge the credibility of the witnesses.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty as judges of the facts to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts. That is your function.

You are to discharge your duty as jurors with an attitude of complete fairness and impartiality. You should appraise the evidence deliberatively and without the slightest trace of sympathy, bias or prejudice for or against any party. All parties expect that you will carefully consider all of the evidence, follow the law as it is now being given to you and reach a just verdict regardless of the consequences.

<u>EVIDENCE</u>

You have seen and heard the evidence produced in this trial and it is the sole province of the jury to determine the facts of this case. The evidence consists of the sworn testimony of the

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 4 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 20 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 3 of 21

witnesses, any exhibits admitted into evidence, and all the facts admitted or stipulated.  I would now like to call to your attention certain guidelines by which you are to evaluate the evidence.

There are two types of evidence which you may properly use in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something she or he knows by virtue of their own senses -- something she or he has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the exhibit's existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.  Circumstantial evidence is of no less value than direct evidence for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but requires that your verdict must be based on all the evidence presented.

<u>CREDIBILITY OF WITNESSES</u>

You as jurors are the sole judges of the credibility of the witnesses and the weight of their testimony.  You do not have to accept all the evidence presented in this case as true or accurate.  Instead, it is your job to determine the credibility

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 5 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 21 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 4 of 21

or believability of each witness.  You do not have to give the
same weight to the testimony of each witness since you may accept
or reject the testimony of any witness in whole or in part.   In
weighing the testimony of the witnesses you have heard, you
should consider their interest, if any, in the outcome of the
case; their manner of testifying; their candor; their bias, if
any; their resentment or anger, if any; the extent to which other
evidence in the case supports or contradicts their testimony; and
the reasonableness of their testimony.  You may believe as much
or as little of the testimony of each witness as you think
proper.

     The weight of the evidence is not determined by the number
of witnesses testifying.  You may find the testimony of a small
number of witnesses or a single witness about a fact more
credible than the different testimony of a larger number of
witnesses.  The fact that one party called more witnesses and
introduced more evidence than the other does not mean that you
should necessarily find the facts in favor of the side offering
the most witnesses.  Inconsistencies or discrepancies in the
testimony of a witness, or between the testimony of different
witnesses, may or may not cause you to discredit such testimony.
Two or more persons may well hear or see things differently, or
may have a different point of view regarding various occurrences.
Innocent misrecollection or failure of recollection is not an

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 6 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 22 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 5 of 21

uncommon experience.  It is for you to weigh the effect of any
discrepancies in testimony, considering whether they pertain to
matters of importance, or unimportant details, and whether a
discrepancy results from innocent error or intentional falsehood.
You should attempt to resolve inconsistencies if you can, but you
also are free to believe or disbelieve any part of the testimony
of any witness as you see fit.

<u>EXPERT WITNESSES</u>

In this case, I have permitted certain witnesses to express
their opinions about matters that are in issue.  A witness may be
permitted to testify to an opinion on those matters about which
he or she has special knowledge, skill, experience and training.
Such testimony is presented to you on the theory that someone who
is experienced and knowledgeable in the field can assist you in
understanding the evidence or in reaching an independent decision
on the facts.

In weighing this opinion testimony, you may consider the
witness's qualifications, her or her opinions, the reasons for
testifying, as well as all of the other considerations that
ordinarily apply when you are deciding whether or not to believe
witness testimony.  You may give the opinion testimony whatever
weight, if any, you find it deserves in light of all the evidence
in the case.  You should not, however, accept opinion testimony
merely because I allowed the witness to testify concerning her or

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 7 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 23 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 6 of 21

her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

<u>TESTIMONY AND ARGUMENTS EXCLUDED</u>

I caution you that you should entirely disregard any testimony that has been excluded or stricken from the record. Likewise, the arguments of the attorneys and the questions asked by the attorneys are not evidence in the case.  The evidence that you will consider in reaching your verdict consists only of the sworn testimony of witnesses, the stipulations made by the parties and all exhibits admitted into evidence.  When the attorneys for the plaintiff and the defendants stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

Anything you have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.  You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited merely to the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in light of your experiences.

6

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 8 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 24 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 7 of 21

<u>BURDEN OF PROOF</u>

This is a civil case and as such Plaintiff has the burden of proving every element of her claim by a "preponderance of the evidence."  The phrase "preponderance of the evidence" means the evidence of greater weight, logic, or persuasive force.  It does not mean the greater number of witnesses or documents.  It is a matter of quality, not quantity.  Preponderance of the evidence is evidence that is more convincing and produces in your minds a belief that what is sought to be proved is more likely true than not.  In other words, to establish a claim or a defense by a "preponderance of the evidence" means proof that the claim or defense is more likely so than not so. In determining whether any fact at issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who called them, and all the exhibits received in evidence, regardless of who may have produced them.

<u>CORPORATION ENTITLED TO TREATMENT AS A PERSON</u>

Defendant in this case is a corporation.  The fact that a corporation is involved must not affect your decision in any way. A corporation and all other persons are equal before the law and must be dealt with as equals in a court.  You should consider and decide this case as an action between persons.

<u>OBVIOUS AND NECESSARY DANGERS</u>

As a threshold matter, you must determine whether the

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 9 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 25 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 8 of 21

accident at issue occurred as a result of an obvious and necessary danger inherent in the sport of skiing. Vermont law imposes a duty on the people who participate in sports. In recognition of the dangers that exist in virtually every sport, the Vermont legislature passed a law stating that every person who participates in a sport, including skiing, accepts as a matter of law all the dangers that are inherent in that sport, to the extent that such dangers are obvious and necessary to the sport. Since a skier accepts the obvious and necessary risks of skiing, a ski operator owes no duty of care to him or her with respect to those risks.

Plaintiff must prove by a preponderance of the evidence that the risk involved in her accident was not an obvious and necessary risk inherent to skiing. When making your determination of what constitutes an "obvious or necessary danger," you should consider whether, given contemporary practices and technology, the risk of injury at issue was reasonably avoidable. A risk of danger which is "inherent" in a sport is one which is a part of the essential character of that sport and intrinsic to it. An "obvious danger" does not necessarily refer to things that are easily observed. Rather, it is a risk or hazard which a reasonable participant in the sport would know of or appreciate. An obvious danger is one that is widely recognized and known by a reasonable skier under similar

circumstances.

A "necessary danger" is one that exists even when due care is exercised. It is a risk that is impossible or unreasonably difficult or expensive to eliminate. A person need only accept those risks that are inherent in the sport, not those increased risks that are caused by a ski area's failure to use due care. Skiers should be deemed to assume only those skiing risks which the ski area cannot be reasonably required to prevent or warn against.

In sum, ski accidents are not always and inevitably the product of a party's failure to use reasonable care. Some accidents may be the result of the obvious and necessary risks inherent in the sport, and accidents might occur despite the exercise of ordinary and reasonable care and without negligence by either party.

If you find the accident at issue was the result of an obvious and necessary risk of skiing, you must return a verdict in favor of the Defendant. On the other hand, if you find that the accident was the result of an obvious or necessary part of skiing, you must proceed to consider whether Defendant was negligent.

<u>NEGLIGENCE</u>

In their complaint, Plaintiff alleges that Defendant's negligence caused her injury. Negligence is the failure to use

ordinary care under the circumstances of the case.  Ordinary care is that care which reasonably careful persons or businesses use in conducting their own affairs, to avoid injury to themselves or their property, or the persons or property of others.  When deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case. When the defendant is a corporation, they are liable for the negligent acts or omission of their employees and agents acting in the course of their duties.

In order to prove that Defendant was negligent, Plaintiff must prove by a preponderance of the evidence each of the following elements:

1. Defendant owed Plaintiff a duty;

2. Defendant breached that duty;

3. Defendant's breach of duty was a proximate cause of Ms. Taylor's injury.

The first element of negligence is duty.  Duty, as it is understood in the law, means a legal obligation to do or not do some act, depending on the particular circumstances of the case. In general, a "duty" in negligence cases may be defined as an obligation to conform to a particular standard of conduct towards another.  Here, Defendant, acting through its agents and employees, had a duty to conform to a standard of conduct of a

reasonable entity of like experience and knowledge of the

situation and its dangers.   In light of this standard of conduct,

Stratton had a duty to use reasonable care to keep its premises

in a reasonably safe and suitable condition, and to warn of or

correct dangers which in the exercise of reasonable prudence

could be foreseen and corrected, so that a skier would not be

unreasonably or unnecessarily exposed to an injury.

Keep in mind that under Vermont law the duty of care

increases proportionately with the foreseeable risks of the

operations involved.   Thus, as the risk of harm increases, the

duty of care to prevent injury is correspondingly increased.

The second element is breach of duty.   In order to decide

whether Defendant breached their duty to Plaintiff, you must

determine from the evidence presented whether Defendant failed to

use ordinary care, as I have defined that term, in their

maintenance of the Sunriser Supertrail, either by failing to

eliminate those hazards or to properly alert skiers to those

hazards.

The last element is proximate cause.   In order to find

Defendant liable for Ms. Taylor's injury, you must conclude that

Defendant's negligence was a proximate cause of her injuries.   A

legal or proximate cause of an injury means that cause which, in

natural and continuous sequence, unbroken by any efficient

intervening cause, produces the injury.   An injury is proximately

caused by an act or a failure to act when it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury.

The law recognizes that there may be more than one proximate cause of an injury.  Multiple factors may operate at the same time, or independently, to cause the injury and each may be a proximate cause.  Plaintiff is required to show that Defendant's negligence was a proximate cause of Ms. Taylor's injury, but is not required to show that it was the only proximate cause.


## COMPARATIVE NEGLIGENCE

As part of their defense to the suit brought by Plaintiff, the Defendant has raised the defense of comparative negligence. Defendant claims that Plaintiff was herself negligent and that her own negligence was the cause of her injuries.

Just as Plaintiff bears the burden of proving by a preponderance of the evidence that Defendant is negligent, Defendant must prove by a preponderance of the evidence that Plaintiff was herself negligent.  The elements of Defendant's negligence claim are the same as those I have already described in the section entitled NEGLIGENCE above.  Thus, to prove that Plaintiff was negligent, Defendant must prove by a preponderance of the evidence that:

1.   Plaintiff owed herself a duty to exercise ordinary care;

2.   Plaintiff breached that duty; and

3.   Plaintiff's breach was a proximate cause of the injuries that she suffered.

The first element of negligence is duty.  Duty, as it is understood in the law, means a legal obligation to do or not do some act, depending on the particular circumstances of the case. In general, a "duty" in negligence cases may be defined as an obligation not to engage in conduct which unreasonably and unnecessarily exposes one to injury.  Keep in mind that under Vermont law the duty of care increases proportionately with the foreseeable risks of the operations involved.  Thus, as the risk of harm increases, the duty of care to prevent injury is correspondingly increased.

The second element is breach of duty.  In order to decide whether Plaintiff breached her duty to herself, you must determine from the evidence presented whether Plaintiff failed to use ordinary care, as I have defined that term.

The last element is proximate cause.  In order to find Plaintiff liable, you must conclude that Plaintiff's negligence was a proximate cause of her injuries.  A legal or proximate cause of an injury means that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause,

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 15 of 39
Case 3:17-cv-00568-WWE · Document 84-1   Filed 05/08/19   Page 31 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 14 of 21

produces the injury.  An injury is proximately caused by an act
or a failure to act when it appears from the evidence in the case
that the act or omission played a substantial part in bringing
about or actually causing the injury.

The law recognizes that there may be more than one proximate
cause of an injury.  Multiple factors may operate at the same
time, or independently, to cause the injury and each may be a
proximate cause.  Defendant is required to show that Plaintiff's
negligence was a proximate cause of Ms. Taylor's injury, but is
not required to show that it was the only proximate cause.

Should you find by a preponderance of the evidence that
Defendant and Plaintiff were negligent, and that the negligence
of each of them proximately caused the injury suffered by
Plaintiff, then it will be your job to assign a percentage of
responsibility to Defendant and the Plaintiff.  Those percentages
must add up to 100 percent.  If you find that Plaintiff's
comparative negligence is greater than 50%, then Plaintiff cannot
recover anything, and you must enter a verdict for Defendant.
However, if Plaintiff's negligence is 50% or less, then Plaintiff
is entitled to recover from Defendant.

<u>INSTRUCTION ON DAMAGES</u>

The fact that I am about to instruct you as to the proper
measure of damages does not reflect any view of mine as to which
party is entitled to your verdict.  Instructions as to the

measure of damages are given for your guidance in the event you find in favor of the Plaintiff by a preponderance of the evidence in accordance with the other instructions.

In reaching your verdict, carefully consider the evidence presented against Defendant. You may assess damages against Defendant only if you find they are liable for claims outlined above.

Please keep in mind the following general principles as you make your deliberations. In making any award of damages, it is not necessary that the Plaintiff prove the exact amount of her damages with absolute certainty. Nevertheless, any damages you award may not be based on sympathy, speculation, or guesswork because only actual damages are recoverable. Remember that the Plaintiff has the burden of proving damages by a preponderance of the evidence. In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

<u>COMPENSATORY DAMAGES</u>

In an ordinary case such as the one before you, damages are awarded on a theory of compensation. An award of compensatory damages is intended to put Plaintiff in the same position she was in prior to the accident at issue here. Thus, Ms. Taylor is

entitled to recover for all damages that are a natural consequence of Defendant's conduct, including items such as past and future pain and suffering and lost enjoyment, lost wages, and past and future medical expenses.

As with the other elements of her claim, Ms. Taylor has the burden of proving by a preponderance of the evidence the amount of damages that she has suffered. Where the amount of her damages are capable of being calculated in dollars and cents, such as lost wages, Ms. Taylor must demonstrate the amount of her losses in dollars and cents. However, where her claimed damages may not be reduced to dollars and cents, such as with assertions of lost enjoyment and pain and suffering, Ms. Taylor need not demonstrate the exact dollar and cent value of her injuries. Nevertheless, she is still required to submit to the jury evidence of such a quality that the jury is capable of reasonably estimating the extent of her loss. Under no circumstances may you award damages that are speculative or conjectural. You are further instructed that any natural feelings of sympathy for Plaintiff must be set aside during your deliberations. Such feelings are not properly a factor for consideration in this matter.

In determining the damages, if any, that Ms. Taylor has suffered as a result of her injuries, you should consider the following items:

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 18 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 34 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 17 of 21

<u>Lost Enjoyment, Mental Anguish, and Pain and Suffering</u>

In this case, Ms. Taylor alleges that she suffered lost enjoyment, mental anguish and pain and suffering as a result of Defendant's conduct.  If Ms. Taylor has proved such injury by a preponderance of the evidence, then you may make an award of damages to compensate Ms. Taylor for this element.

The measure of damages to be awarded Ms. Taylor should be equivalent to reasonably compensate her for any pain, discomfort, fears, anxiety, humiliation, lost enjoyment of life's activities, and any other mental and emotional distress suffered by her which was proximately caused by Defendant.  No definite standard is prescribed by law to fix reasonable compensation for lost enjoyment and emotional distress.  In making an award for lost enjoyment and emotional distress you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in light of the evidence.

If you find Ms. Taylor has proven any such damages by a preponderance of the evidence, you must award her a sum you deem appropriate to compensate her for any of these damages she has endured as a result of her injuries, including any: (1) disability, (2) disfigurement, (3) and physical impairment.  You may also include an amount to compensate Ms. Taylor for any such damages in the future which you find she is reasonably likely to experience.

Whatever Ms. Taylor is entitled to recover in the future due to her injuries must be included in the amount she recovers now. You must determine the total amount of Ms. Taylor's damages and place this amount on the Special Verdict Form.

<u>Lost Wages</u>

Plaintiff is entitled to be compensated for all lost earnings to date that you find were caused by the injuries resulting from Defendant's negligence.  As with the other elements of her case, Ms. Taylor must prove such lost wages by a preponderance of the evidence.  Such damages are limited to what you find to be reasonably probable from Plaintiff's injuries.

<u>Past and Future Medical Expenses</u>

Plaintiff claims that she has incurred and will continue to incur expenses for medical care.  If you find by a preponderance of the evidence that Defendant is liable to Ms. Taylor for such damages, then you should award her the reasonable and necessary medical expenses she has incurred, including any reasonable and necessary medical expenses which she is reasonably certain to incur in the future.  These include all doctor's bills, hospital bills, and other bills of a medical nature which are a proximate result of the accident.

<u>LIFE EXPECTANCY</u>

According to the *Census Bureau Vital Statistics of the United States,* a person 33 years of age has a remaining life

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 20 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 36 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 19 of 21

expectancy of 49 years.  This is merely an estimate of the probable average remaining length of life of all persons of this age.  You may consider this estimate in determining the amount of damages for any future losses that you award Ms. Taylor.

<u>TAXATION</u>

If you award Ms. Taylor damages, these damages will not be subject to federal or state income taxation.  Ms. Taylor will have the full use of whatever amount the jury awards. Consequently, you should not add any sum to your award of damages to compensate for income taxes.

<u>UNANIMOUS VERDICT</u>

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.

It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a

verdict.

Remember at all times that you are not partisans.  You are judges -- the judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

<u>NOTES</u>

You may have taken notes during the trial for use in your deliberations.  These notes may be used to assist your recollection of the evidence, but your memory, as jurors, controls.  Your notes are not evidence, and should not take precedence over your independent recollections of the evidence. The notes that you took are strictly confidential.  Do not disclose your notes to anyone other than your fellow jurors. Your notes should remain in the jury room and will be collected at the end of the case.

<u>CLOSING INSTRUCTIONS</u>

I have selected _____ to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

A copy of this charge will go with you into the jury room for your use.

A verdict form has been prepared for your convenience.  You will take this form to the jury room.  Each of the interrogatories or questions on the verdict form requires the unanimous answer of the jury.  Your foreperson will write the

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 22 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 38 of 55
Case 2:09-cv-00297-wks   Document 103   Filed 01/23/12   Page 21 of 21

unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict, when completed.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the Courtroom Security Officer signed by your foreperson.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject related to the merits of the case other than in writing, or orally here in open Court.

You will note that all other persons are also forbidden to communicate in any way or manner with any member of the jury on any subject related to the merits of the case.

Dated at Burlington, Vermont this 13th day of January, 2012.

/s/ William K. Sessions III
William K. Sessions III
United States District Court

21

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JEFFREY ERICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:11-cv-51 |
| | ) | |
| THE STRATTON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY CHARGE

### I.    General Instructions

Now that you have heard the evidence and arguments, it is my duty to instruct you as to the applicable law.

It is your duty as jurors to follow the law, and to apply it to the facts as you find them from the evidence presented in the courtroom. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence presented during the trial.

The lawyers may have referred to some of the rules of law in their arguments. If any difference appears between the law as stated by the lawyers and the law as stated by the court in these instructions, you must follow the court's instructions.

Our judicial system requires you to carefully and impartially consider all of the evidence, follow the law, and reach a just verdict, regardless of the consequences.

### Jurors as Finders of Fact/Rulings of the Court

You and you alone are the triers of the facts. Each of you, as jurors, must

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 24 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 40 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 2 of 17

determine the facts for yourselves in reaching a verdict. By the rulings which I made during the course of the trial, I did not intend to indicate to you or to express my own views about this case.

## Sympathy/Prejudice

Neither sympathy nor prejudice, for or against the parties, or any other person involved with this case, should influence you in any manner in reaching your verdict. Your deliberations should be well-reasoned and impartial.

## Important Case

This is an important case to the parties and the court. You should give it serious and fair consideration.

## Business Entity as a Party

The Stratton Corporation is a business entity. You should consider this case, however, as an action between persons and give The Stratton Corporation the same treatment as a private individual. All persons, including business entities, stand equal before the law.

## Agency

A business entity such as The Stratton Corporation can act only through its officers, employees, and agents. As a business entity, The Stratton Corporation is responsible for the acts and omissions of its agents and employees when its agents and employees are acting within the scope of their employment with The Stratton Corporation. For purposes of your deliberations, you should consider the acts, statements, and omissions of employees of The Stratton Corporation to be the acts, statements, and omissions of The Stratton Corporation.

## Arguments/Statements/Objections of the Attorneys

The opening statements and closing arguments of the attorneys, their questions and objections, and all other statements that they made during the course of the trial are not evidence. The attorneys have a duty to object to evidence that they believe is not admissible. You may not hold it against either side if any attorney feels it is necessary to make an objection.

## Evidence in the Case

The evidence in this case consists of the sworn testimony of the witnesses, the

exhibits admitted into evidence, and any stipulated facts, regardless of which party presented the evidence.  When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proven.  You may give the stipulated fact, like any other evidence, the weight that you think it deserves.

Any evidence to which an objection was sustained or stricken by the court must be disregarded.

## Evidence – Direct or Circumstantial

There are two types of evidence from which you may find the facts of this case: direct and circumstantial evidence.  Direct evidence is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness or the exhibits in the trial.  Circumstantial evidence is proof of a chain of facts and circumstances tending to prove or disprove an issue in the case.

For example, if a witness were to testify that he or she had seen cows in a field, that would be an example of direct evidence that there were cows in a field.  On the other hand, if a witness were to testify that he or she had seen fresh cow tracks in the field, that would be an example of circumstantial evidence that there had been cows in the field.

The law does not require a party to prove its claims or defenses by direct evidence alone, that is, by testimony of an eyewitness.  One or more of the essential elements, or all of the essential elements, may be established by reasonable inference from other facts that are established by direct testimony.  Circumstantial evidence may alone be sufficient to prove a claim or defense.

The law makes no distinction between the weight to be given to direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should consider all the evidence in the case and give it such weight as you think it deserves.

## Credibility of Witnesses

You are the sole judges of the credibility of the witnesses, and the weight to give their testimony is up to you.  In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; his or her demeanor while testifying; any interest or bias he or she may have; and the reasonableness of his or her testimony, considered in light of all of the evidence in the case.  Consider also any relation each witness may bear to either side of the case, any bias or prejudice, the manner in which each witness might be affected by the verdict, and the extent to which, if

at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. It is your duty to reconcile conflicting testimony if you can do so.

In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You may give the testimony of each witness such weight, if any, you think it deserves. You may believe all of the testimony of any witness, you may believe it in part and disbelieve it in part, or you may reject it altogether. You do not have to accept the testimony of any witness, even if it is uncontradicted. It is for you to say what you will believe and what you will disbelieve.

## Expert Witnesses

You have heard evidence from witnesses who are known as expert witnesses. An expert witness is a person who has special knowledge, experience, training, or education in his or her profession or area of study. Because of this expertise, an expert witness may offer an opinion about one or more of the issues in the case. In evaluating expert testimony, you should evaluate an expert's credibility and statements just as you would with any other witness. You should also evaluate whether the expert witness's opinion is supported by the facts that have been proved, and whether the opinion is supported by the witness's knowledge, experience, training, or education. You are not required to give the testimony of an expert witness any greater weight than you believe it deserves just because the witness has been referred to as an expert.

## Compensation of Expert Witnesses

The amount of the expert witness's fee is a matter that you may consider as possibly affecting the expert's credibility. However, there is nothing improper about a party compensating an expert for his or her work and time in providing an expert opinion and attending court.

## Number of Witnesses

The fact that one side may have called more witnesses than the other side is of no significance. Your task is to evaluate the credibility of the witnesses, and to weigh all of the evidence.

## Video Deposition Testimony

During the trial, certain testimony was presented to you by way of a videotaped deposition. A deposition is a witness's testimony, given under oath, in response to questions asked in advance of trial by the attorneys for the parties in the case. You should give this testimony the same consideration as any other testimony and evaluate it in the same way as you would had the witness testified from the witness stand.

## Prior Inconsistent Statements

You may find that a witness has made statements outside of this trial that are inconsistent with the statements that the witness gave here. You may consider the out-of-court statements not made under oath only to determine the credibility of the witness and not as evidence of any facts contained in the statements. As to out-of-court statements that were made under oath, such as statements made in prior testimony, you may consider them for all purposes, including for the truth of the facts contained therein.

## Personal Knowledge and Experience of Jurors

In deliberating upon your verdict, you are not expected to put aside your common sense or your own observations or experience of the general affairs of life. However, a juror having special knowledge of a subject may neither state this knowledge to fellow jurors nor act upon it himself or herself in arriving at a verdict. You must not tell your fellow jurors about matters which are based on special knowledge concerning an issue in the case that did not come from the evidence received in the courtroom.

## Burden of Proof/Preponderance of the Evidence

The burden is on the party making the claim to prove each essential element of the claim by a preponderance of the evidence. This burden applies to a plaintiff's claim against a defendant and to a defendant's affirmative defense.

To "establish by a preponderance of the evidence" means to prove that something is more likely than not. In other words, a preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more persuasive force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. In determining whether a fact, claim, or defense has been proven by a preponderance of the evidence, you may consider the testimony of witnesses, regardless of who may have called them, and the exhibits in evidence, regardless of who may have produced or introduced them. No proof of absolute certainty is required.

5

## Verdict Form

I will provide you with a verdict form that will guide you in making your determinations in this action. You must fill out the verdict form in accordance with these jury instructions. If there is any conflict between the verdict form and these instructions, you must follow these instructions.

**II.    Mr. Erickson's Claim – Negligence/Premises Liability**

*which includes the snowmaking gun. CH*

Mr. Erickson alleges that the Defendant, The Stratton Corporation, was negligent in failing to warn, inspect, make safe, and protect the area near the "Ursa Express Lift," specifically by failing to properly pad the snow-making hydrant and to keep the area free of hazards such as hoses. Negligence is the lack of reasonable care in performing a legal duty owed by a defendant to Mr. Erickson.

### A.    Sports Injury Statute

As a threshold issue, you must first decide whether a Vermont law known as the "Sports Injury Statute" applies in this case. Under the Sports Injury Statute, a person who takes part in any sport, including alpine skiing, accepts as a matter of law the dangers that are inherent in that sport so long as the dangers are obvious and necessary.

You must determine whether the incident that occurred in this case was caused by a danger that was obvious and necessary as an inherent part of skiing. The operator of a facility has no duty to eliminate or lessen the risk of obvious and necessary dangers or to warn a skier of those dangers, since they are by definition accepted by the skier when he or she participates in the sport.

First, the term "obvious" does not mean something easily observed by a skier who looked but rather means a risk inherent in the nature of the sport. You may find a risk to be obvious, in this context, even though Mr. Erickson did not personally know of, appreciate, and consent to the particular hazard. Mr. Erickson is deemed to consent to all hazards that are inherent in the sport and which reasonable care and maintenance may not eliminate. Second, "necessary" dangers are those that are there even when due care is exercised. A person need accept only those risks that are inherent in the sport, not those increased risks that are caused by another's failure to use due care. You may consider the state of technology present at the time of the incident in deciding what is an obvious and necessary danger.

Here, Mr. Erickson alleges that The Stratton Corporation was negligent in failing to warn, inspect, make safe, and protect the area near the "Ursa Express Lift," specifically by failing to properly pad the snow-making hydrant and to keep the area free of hazards

6

such as hoses.  If you find that the injuries to Mr. Erickson resulted from an obvious and necessary risk inherent in the sport of skiing, then you must return a verdict for The Stratton Corporation.  But, if you find that the dangers that caused Mr. Erickson's injuries were not obvious and necessary, then the Sports Injury Statute does not apply.   If the Sports Injury Statute does not apply, then you must consider whether Mr. Erickson has proven his negligence claim.

### B.   Negligence/Premises Liability

I will now provide you with instructions for Mr. Erickson's claim that The Stratton Corporation was negligent in the performance of its duties as the entity that owns or exercises control over the premises of Stratton Mountain.  Negligence is the breach of a legal duty owed by the defendant to the plaintiff that causes the plaintiff's injuries.  In order to prove this claim, Mr. Erickson must prove by a preponderance of the evidence each of the following essential elements:

1.   The Stratton Corporation knew, or had a reason to know of, a risk of harm that was not open and obvious to a reasonable person in Mr. Erickson's position;

2.   The Stratton Corporation failed to exercise reasonable care to inspect the premises, make it safe, or to warn Mr. Erickson of the condition and the risk involved;

3.   Mr. Erickson did not know or have reason to know of the condition and the risk involved; and

4.   The risk of harm at issue directly and proximately caused Mr. Erickson's injuries.

I will now explain each of these essential elements.

### i.   Ownership/Control, Duty of Care, and Breach

The Stratton Corporation owned or exercised control over Stratton Mountain, the premises in question.  The law is specific as to the duty of care.

Because The Stratton Corporation has invited members of the public to come to Stratton Mountain to ski, it has a duty to exercise reasonable care to keep that premises in a safe and suitable condition for the public and to avoid unnecessary and unreasonable exposure to injury for its patrons.  This duty of reasonable care includes a duty to inspect areas open to the public and to ensure that they are in a reasonably safe condition for their

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 30 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 46 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 8 of 17

intended and foreseeable uses. Therefore, a business owner is responsible for injuries that are caused by conditions on its premises that the owner actually knew existed, unless the dangers were obvious. An owner is also responsible for injuries caused by a condition that existed long enough so that the owner should have known about it and should have known that it could be unreasonably dangerous. Once a business owner discovers a dangerous condition, the owner must either take reasonable steps to make it safe or must sufficiently warn about it until it can be fixed. An owner must not increase the risk of a danger known to it. A person has the right to expect the premises to be in a reasonably safe condition.

On the other hand, a business owner is not liable for injuries that a person sustained from something dangerous on the premises that the person either knows about or that would have been obvious to a reasonable person. In other words, The Stratton Corporation has an obligation to adequately warn of hazards that it knew or should have known existed, but that were not reasonably foreseeable to Mr. Erickson.

Reasonable care means the care that reasonably prudent persons use in conducting their own affairs to avoid injury to themselves, their property, or the persons or property of others. Reasonable care is not the greatest possible care, such as might be employed by an unusually cautious person. Rather, a person must exercise the same amount of care a reasonable person would have exercised in the same or similar circumstances. Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved, the amount of caution will vary with the nature of what is being done and the surrounding circumstances. You must therefore determine whether The Stratton Corporation created an unreasonable risk of harm to others, including Mr. Erickson, by a failure to exercise that degree of care that a reasonably prudent person would have exercised under like circumstances.

In determining whether The Stratton Corporation exercised reasonable care, you should consider whether The Stratton Corporation knew or should have known of a particular risk or danger. You may consider the following:

1.    Any evidence presented concerning the actual knowledge of The Stratton Corporation, including its supervisors, employees, or agents;

2.    Whether a reasonably prudent person would have performed inspections that would have brought the dangerous condition to The Stratton Corporation's attention or otherwise would have provided notice of the condition.

In determining whether The Stratton Corporation was negligent, you may consider the evidence concerning industry customs or safety rules. If you find there were such

8

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 31 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 47 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 9 of 17

customs or rules, they may indicate recognition of a hazard and the means to avoid it, which may inform what may be reasonable in a given situation. However, you may find that an industry custom or safety rule does not reflect the level of care of a reasonably prudent person and that The Stratton Corporation was negligent even though The Stratton Corporation followed the custom or safety rule. Conversely, even if you find that The Stratton Corporation failed to follow an industry custom or safety rule, such failure does not require a finding of negligence.

Before imposing liability on The Stratton Corporation, you must find that The Stratton Corporation failed to exercise reasonable care under all of the circumstances. You must consider all of the evidence in making this determination.

If you find that The Stratton Corporation did not breach the duty of care it owed Mr. Erickson, then you must enter a verdict for The Stratton Corporation. If, however, you find that Mr. Erickson has proven the first three essential elements of his negligence/premises liability claim by a preponderance of the evidence, you must next consider whether Mr. Erickson has proven that The Stratton Corporation's breach of the duty of care caused the injuries he suffered.

## ii.  Causation

You must decide if Mr. Erickson's injuries were directly and proximately caused by The Stratton Corporation.

An act or failure to act is the "direct cause" of an injury if the injury would not have happened but for the act or failure to act, even though the act or failure to act combined with other causes. The Stratton Corporation may be liable even if there were other causes for Mr. Erickson's injuries, but The Stratton Corporation is only liable if the incident would not have occurred but for its own fault. In other words, Mr. Erickson must prove that but for The Stratton Corporation's breach of the duty of care, his injuries would not have occurred.

The act or failure to act must also be a "proximate cause" of the injury. An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result of or a reasonably probable consequence of the act or failure to act. Proximate cause is therefore a cause that results in an injury in a natural and continuous sequence, unbroken by any other intervening cause, and it is a cause without which the result would not have occurred. This does not mean that the act or failure to act must be the only cause. On the contrary, many facts or things, or the conduct of two or more persons, may

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 32 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 48 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 10 of 17

operate at the same time, either independently or together, to cause injury or damage, and in such a case each may be a proximate cause.

If Mr. Erickson's injuries were not caused by The Stratton Corporation, or if the injuries would have occurred regardless of whether The Stratton Corporation breached a duty of care, Mr. Erickson has failed to prove causation. If you find that Mr. Erickson has not established causation by a preponderance of the evidence, you must enter a verdict for The Stratton Corporation, and you should not consider The Stratton Corporation's affirmative defense or the issue of damages. If you find that Mr. Erickson has established causation, and all of the other essential elements of his negligence claim, then you must consider the affirmative defense raised by The Stratton Corporation, before you consider the issue of damages.

### III.   The Stratton Corporation's Affirmative Defense/Comparative Negligence

The Stratton Corporation has asserted an affirmative defense called "comparative negligence." An affirmative defense is a claim that, if true, will defeat all or part of a plaintiff's claim. The Stratton Corporation has the burden of proving its affirmative defense by a preponderance of the evidence. You must consider the affirmative defense only if you find in Mr. Erickson's favor on his negligence/premises liability claim. If you find in favor of The Stratton Corporation on Mr. Erickson's negligence/premises liability claim, the issue of an affirmative defense should not be addressed.

In this case, The Stratton Corporation asserts comparative negligence as an affirmative defense, which means that The Stratton Corporation claims that Mr. Erickson was himself negligent in his actions on the day of the incident. In order to establish comparative negligence, The Stratton Corporation must prove by a preponderance of the evidence each of the following essential elements of its comparative negligence defense:

1.   Mr. Erickson himself was negligent by failing to act with reasonable care for his own safety and well-being at the time and place in question; and

2.   Mr. Erickson's negligence was a direct and proximate cause of his injuries.

The same principles I outlined previously for Mr. Erickson's claim likewise apply to The Stratton Corporation's comparative negligence claim. I will briefly review the elements again.

First, Mr. Erickson had a duty to act with reasonable care for his own safety and well-being. Reasonable care means the care that reasonably prudent persons use in conducting their own affairs to avoid injury to themselves, their property, or the persons or property of others. A skier has a duty to exercise reasonable care for his or her own

10

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 33 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 49 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 11 of 17

safety while participating in the sport of skiing, which includes a duty to ski in a reasonable and prudent manner in light of the conditions and circumstances that exist at the time. Reasonable care is not the greatest possible care, such as might be employed by an unusually cautious person. Rather, a person must exercise the same care a reasonable person would have exercised in the same or similar circumstances. Here, Mr. Erickson's conduct must be measured against that of a reasonable skier skiing under the conditions as they existed on the day of the incident.

Again, in determining whether Mr. Erickson was negligent, you may consider the evidence concerning skiing customs or safety rules. If you find there were such customs or rules, they may indicate recognition of a hazard and the means to avoid it, which may inform what may be reasonable in a given situation. However, you may find that an industry custom or safety rule does not reflect the level of care of a reasonably prudent person and that Mr. Erickson was negligent even though Mr. Erickson followed the custom or safety rule. Conversely, even if you find Mr. Erickson failed to follow an industry custom or safety rule, such failure does not require a finding of negligence. You must consider all of the evidence in making this determination.

Second, The Stratton Corporation must prove that but for Mr. Erickson's failure to act with reasonable care for his own safety and well-being, his injuries would not have occurred. The Stratton Corporation must also prove that Mr. Erickson's negligence was a "proximate cause" of his injury. An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result of or a reasonably probable consequence of the act or failure to act. Proximate cause is a cause that results in an injury in a natural and continuous sequence, unbroken by any other intervening cause. It is a cause without which the result would not have occurred. This does not mean that the act or failure to act must be the only cause. On the contrary, many facts or things, or the conduct of two or more persons may operate at the same time, either independently or together, to cause injury or damage, and in such a case each may be a proximate cause.

If you find that The Stratton Corporation has proven that Mr. Erickson was negligent himself, then you must attribute to each party their relative negligence. This means that you must compare any negligence attributed to Mr. Erickson with any negligence you have attributed to The Stratton Corporation. To do so, you must assign a percentage of negligence to Mr. Erickson on one hand, and to The Stratton Corporation on the other. The percentages you assign must add up to 100 percent. Let me suggest two hypothetical examples:

|  | Example 1 | Example 2 |
|---|---|---|
| Mr. Erickson | 15% | 60% |
| The Stratton Corporation | 85% | 40% |

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 34 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 50 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 12 of 17

| Total Negligence | 100% | 100% |
|---|---|---|

Of course, these examples are for illustrative purposes only. They do not indicate in any way how you should decide the case.

If you determine that Mr. Erickson's share of the negligence is greater than 50%, then you should return a verdict for The Stratton Corporation, and you should not consider damages. If Mr. Erickson's share of the negligence is 50% or less when compared to the negligence of The Stratton Corporation, then you must consider damages, and the total damages award, if any, must be reduced by the percentage of Mr. Erickson's negligence. I will provide you with a verdict form that will help you work through these questions during your deliberations.

## IV.   Damages

### General Instructions on Awarding Damages

The fact that I have instructed you on the issue of damages should not be considered as the court's opinion that any party has established any of its claims or defenses. That is solely for you to decide.

Mr. Erickson must prove by a preponderance of the evidence he actually sustained damages, and that the damages were proximately caused by The Stratton Corporation's conduct. This means that the damages were a direct or a reasonably probable consequence of The Stratton Corporation's conduct.

Mr. Erickson is seeking a damages award that has several components. Mr. Erickson is seeking damages relating to:

1. Physical pain and suffering, including damages for the nature and extent of Mr. Erickson's injury and any disfigurement and resulting embarrassment;

2. Economic losses of past medical bills and past wages;

3. Loss of enjoyment of life, including loss of the ability to engage in recreational activities and day-to-day living; and

4. Past, present, and future pain, suffering, and mental anguish, including the effect of the injury on the normal pursuits and pleasures of life.

You should further consider whether any injuries are temporary or permanent, and whether any resulting injury is partial or total. You should make sure that any amount

awarded to Mr. Erickson is fair to the parties in this case in light of the evidence you have heard, and you should award Mr. Erickson a sum in damages that you believe will fairly, adequately, and reasonably compensate him for the injuries he has suffered based upon the facts and circumstances proven by the evidence.

## Compensatory Damages

Compensatory damages mean the amount of money that you decide a person is entitled to as compensation for what has happened to him or her. The basic principle of damages is that an injured person may recover full, just, and adequate compensation for all injuries and losses caused by a defendant. The purpose of awarding damages is to put the injured party in the position he or she would have been if the wrong had not occurred.

You must be guided by the amount of loss which was or will actually be incurred by Mr. Erickson, and not by any feelings of sympathy, passion, prejudice, or a desire to help him. It is never the purpose of compensatory damages to punish a defendant or to reward a plaintiff.

## Personal Injury Damages

Mr. Erickson is entitled to recover compensation for any bodily injury and any pain and suffering, disability, disfigurement, mental anguish, and loss of enjoyment of life he has experienced in the past as a result of this incident and that he is reasonably certain to suffer in the future. There is no particular formula to calculate this compensation. Any such award should fairly compensate Mr. Erickson for the damages he has suffered and may suffer in the future for any harm you find caused by The Stratton Corporation, and any such award should be fair and just in light of the evidence.

## Medical Expenses

Mr. Erickson is entitled to recover his reasonable and necessary medical expenses, which includes the reasonable value, not exceeding the cost to him, of any expenses incurred for medical treatment made necessary by the negligence of The Stratton Corporation. These costs may cover all expenses from the date of the incident to the present time. They also include expenses that were reasonable and necessary, even if they might have been paid by someone other than Mr. Erickson. Mr. Erickson must establish all such amounts by a preponderance of the evidence.

Mr. Erickson is claiming medical expenses in the amount of $46,735.96.

The parties have agreed that the medical bills submitted by Mr. Erickson are reasonable, in terms of the amount charged for the services rendered in the community

where Mr. Erickson lives and was surgically and medically treated. While The Stratton Corporation has stipulated to Mr. Erickson's medical records and expenses, The Stratton Corporation has done so without any admission to liability and without agreeing that all of these expenses were proximately caused by the incident. In other words, because The Stratton Corporation has not objected to Mr. Erickson's medical records and expenses does not mean that you can infer The Stratton Corporation admitted to any liability or wrongdoing or admitted that all of the medical expenses were caused by the incident.

## Lost Wages

Mr. Erickson is entitled to compensation for any earnings lost in the past. Mr. Erickson is claiming lost earnings of $40,000.00. Mr. Erickson must establish all such amounts by a preponderance of the evidence.

## Proving Specific Amounts for Damages

Because some of Mr. Erickson's claims for damages are economic, Mr. Erickson must prove these economic damages to your satisfaction in dollars and cents. However, when there is no specific dollar amount, such as with pain and suffering, then Mr. Erickson does not have to prove the exact dollar amount of his injury. You may not, however, award damages that are speculative or merely possible in nature.

## Duplication of Damages Must Be Avoided

You should be careful not to award damages for one item that duplicates an award for another item. In other words, a party is only entitled to one recovery for his or her damages.

Your award in all respects must be fair and reasonable in light of all the evidence that you find worthy of belief and all the reasonable inferences to be drawn from such evidence.

## Mitigation of Damages

Under the law, a party seeking an award of damages must make reasonable attempts to minimize or eliminate those damages. In other words, a party is not entitled to recover damages to the extent he or she could have avoided or otherwise reduced those damages. If you find that Mr. Erickson has failed to mitigate his damages, your award must not compensate Mr. Erickson for his failure to mitigate his damages, and you must subtract the monetary amount of any such failure from your award.

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 37 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 53 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 15 of 17

**Life Expectancy**

In determining the amount of damages to award, you need to consider how long Mr. Erickson would have lived during a normal life. I instruct you that the normal life expectancy in this country for a male who is forty years of age is 38.7 years.

Life expectancy is merely an estimate of the probable average remaining length of life of persons in the United States of a given age and sex. The inference that may reasonably be drawn from life expectancy applies only to one who has the average health and exposure to danger of people of that age and sex. In determining the reasonably certain life expectancy of Mr. Erickson, you should also consider all other facts and circumstances in evidence in the case bearing upon the life expectancy of Mr. Erickson, including his occupation, habits, past health record, and present state of health.

**Aggravation of Preexisting Condition and Susceptible Plaintiff**

In calculating Mr. Erickson's damages, keep in mind that Mr. Erickson cannot recover for any physical ailment or disability that existed before the incident. He can only recover for damage due to enhancement or aggravation of a preexisting condition, and not the condition itself.

In this case, The Stratton Corporation contends that Mr. Erickson did suffer from a preexisting condition, and that any award to Mr. Erickson should take such condition into account. The Stratton Corporation bears the burden of proving such condition by a preponderance of the evidence. If you find that Mr. Erickson did suffer from an ailment or condition, and you further find that the incident aggravated this condition so as to cause additional suffering, then you may award Mr. Erickson a sum of damages that fairly compensates him for such additional suffering or disability resulting from such aggravation. In essence, Mr. Erickson should only be compensated to the extent you find he was further injured by the negligence of The Stratton Corporation.

Conversely, you must also consider whether Mr. Erickson is a susceptible plaintiff. Mr. Erickson contends that he is more susceptible to injury than other people, and he has the burden of proving this by a preponderance of the evidence. You must award damages based upon the injuries Mr. Erickson suffered, even if you believe others may not have been hurt like Mr. Erickson if they had gone through the incident.

**Income Taxes and Interest**

If you find for Mr. Erickson and award damages, you must not consider any effect of federal or state income tax in deciding the amount of the damages award. If you find for Mr. Erickson and award damages, you must not calculate interest as part of the

Case 3:17-cv-00568-KAD   Document 103-5   Filed 05/16/19   Page 38 of 39
Case 3:17-cv-00568-WWE   Document 84-1   Filed 05/08/19   Page 54 of 55
Case 5:11-cv-00051-cr   Document 130   Filed 08/29/13   Page 16 of 17

damages award.

## Court Costs and Attorney's Fees

If you find Mr. Erickson is entitled to any damages, you must not include in your award any sum for costs or attorney's fees. These are matters for the court.

## V.   Concluding Instructions

### Jury Deliberations/Unanimous Verdict

The verdict must represent the considered judgment of each juror. In order to return a verdict, you must all agree. Your verdict must be unanimous.

You must consult with one another. You must try to reach an agreement if you can do so without sacrificing your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. Do not hesitate to re-examine your views and change your opinions if you are convinced they are wrong. But do not surrender your honest opinion as to the weight or effect of evidence solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

If you need to communicate with me, you should send a note through the Court Officer, signed by your foreperson. You must not discuss with the court or with any other person what is said in deliberations, and any note you send to the court must not include this information. In other words, you may ask the court questions but, in doing so, you must not reveal what the jurors are thinking or saying. You must not tell anyone how the jury stands numerically or otherwise until after you have reached a unanimous verdict and you have been discharged. Even then you need not speak to anyone about this case unless you want to.

When you have reached a verdict, tell the Court Officer that you have reached a verdict, but do not tell the Officer what the verdict is. You will then be brought in to the courtroom where I shall ask you if you have reached a verdict, and, if you have, what it is.

### Juror Note Taking

During the trial, you have been provided with pencil and paper, and some of you have taken notes. As I explained at the beginning of the trial, all jurors should be given equal attention during the deliberations regardless of whether or not they have taken notes. Any notes you have taken may only be used to refresh your memory during

deliberations. You may not use your notes as authority to persuade your fellow jurors as to what a witness did or did not say. In your deliberations you must rely upon your collective memory of the evidence in deciding the facts of the case. If there is any difference between your memory of the evidence and your notes, you may ask that the record of the proceedings be read back. If a difference still exists, the record must prevail over your notes. I will now describe the process for a read back.

**Read Back of Evidence**

If, during your deliberations, you are unable to recall with any degree of accuracy, a particular part of the testimony, or part of these instructions, you may do the following:

1.   Write out your question, and have the foreperson sign it;

2.   Knock on the door of the jury room; and

3.   Deliver your note to the Court Officer, to give to me.

After the attorneys have been consulted, and the record has been reviewed, I shall decide what action to take. I will tell you my ruling.

**Selection and Duties of a Foreperson**

I select ___   _____ to act as your foreperson. The foreperson acts as a chairperson or moderator. It is your duty to see that discussions are carried out in a sensible and orderly manner and to see that the issues submitted for the jury's decision are fully and fairly discussed, and that every juror has a chance to say what he or she thinks upon every question. When ballots should be taken, you will see that it is done. You will act as the jury's spokesperson in the courtroom. In all other respects, the foreperson is the same as every other juror. His or her vote or opinions do not count more or less than those of his or her fellow jurors.

Ladies and gentlemen of the jury, you may now take the case and retire to begin your deliberations.

Dated at Rutland, in the District of Vermont, this _29th_ day of August, 2013.

Christina Reiss, Chief Judge
United States District Court

17